UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:09-bk-17926-KSJ

PARADISE PALMS, LLC,  CHAPTER 11

Debtor.
_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

PARADISE PALMS, LLC ("Paradise Palms" or "Debtor"), as a debtor-in-possession, hereby files its Summary of Case, and states as follows:

1. On November 23, 2009 ("Petition Date"), the Debtors filed its petition for reorganization under Chapter 11 of the Bankruptcy Code (the "Code"); no trustee has been appointed. The Debtor continues to operate its business as a debtor-in-possession under Sections 1101 and 1108 of the Code.

### Description of the Debtors' Business

2. On or about October 22, 2004, U.S. Enterprises of Central Florida ("U.S. Enterprises") and U.S. Home Corporation ("U.S. Home") entered into a contract for the sale and purchase of 626 developed townhome lots located on real property in Kissimmee, Florida (the "Property") (the "Purchase Contract"). Under the Purchase Contract, U.S. Enterprises and U.S. Home agreed to form a limited liability company that would acquire title to the Property from its then-owner. Debtor Paradise Palms was the company formed in accordance with this provision, on February 10, 2005.

3. On or about February 10, 2005, Lennar Homes, LLC ("Lennar") and U.S. Home (collectively, "U.S. Home/Lennar") entered into a real estate joint venture with Paradise Palms for the development and sale of a short term townhome rental community in Osceola County,

Florida (the "Project"). Pursuant to the understandings of the parties, the Debtor, along with several other parties, including U.S. Enterprises of C.F., LLC ("U.S. Enterprises of C.F.") (collectively, "Paradise Palms/U.S.") would acquire the land, prepare and clear the lots and various public access amenities, and deliver the lots to U.S. Home/Lennar under an agreed "takedown schedule" or schedule for delivery of cleared and prepared lots. U.S. Home/Lennar would then be responsible for the construction and sale of the townhome units (the "Units"). With its share of the proceeds of the sale of townhome lots, Paradise Palms/U.S. would continue to service its land acquisition and construction debt.

4. The Project was to be built in four phases. Phase I consists of 160 lots; Phase II consists of 184 lots; Phase III consists of 228 lots and Phase IV consists of 92 lots.

## Location of Debtors' Operations

5. The Debtors' corporate offices are located at 8950 Paradise Palms Blvd., Kissimmee, Florida 34747. The Property is located on approximately 120 acres of land in Osceola County, Florida, just four miles west of Walt Disney World.

## Events Leading to Chapter 11 Filing

6. The Property was acquired on February 5, 2005, via a cash deposit of $2,000,000.00 and a bank loan from Seacoast National Bank ("Seacoast") for $2,500,000.00. On July 26, 2005, the loan to acquire the Property was rolled into the initial construction financing of $10,450,000.00 to begin the development of the Property.

7. Paradise Palms began site work on the Property on September 2006, and completed the clubhouse, guard gate, pool and other required amenities on September 30, 2007.

8. On or about June 17, 2007, US Enterprises of C.F., US Home/Lennar and Paradise Palms executed an Amendment to the Purchase Contract, through which Paradise Palms

assumed all of U.S Enterprises of C.F.'s rights and duties under the Purchase Contract (the "Amendment").

9. The Amendment also provided that US Home/Lennar was required to close on a certain number of lots per quarter. However, US Home/Lennar failed to takedown the required townhome lots. This failure directly impacted Paradise Palms' ability to meet its construction loan obligations, as Paradise Palms relied exclusively on the ability of US Home/Lennar to meet its takedown schedule obligations. US Home/Lennar was well aware of Paradise Palm's reliance on US Home/Lennar meeting their obligations under the Amendment.

10. On July 9, 2007, the initial construction financing was rolled into a refinanced revolving line of credit with Seacoast for $15,000,000.00.

11. Due to US Home/Lennar's failure to take down townhome lots as per the Purchase Contract and Amendment, and due to US Home/Lennar's refusal to allow Paradise Palms to sell lots to other builders, Paradise Palms was unable to meet its contractual obligations to Seacoast.

12. During the month of August, 2008, due to an increasingly unworkable and unwilling venture member in US Home/Lennar, Paradise Palms agreed to negotiate an agreement whereby US Home/Lennar could extinguish its membership interest in Paradise Palms.

13. At or around this time, US Home/Lennar asked for permission to meet and negotiate directly with Seacoast.

14. In November of 2008, US Home/Lennar executed an Assignment and Acceptance of Membership Interest and Indemnification, whereby for a release of claims, US Home/Lennar assigned its 50% interest in Paradise Palms to US Enterprises of CF (the "Assignment"). The

3

Assignment acknowledged a second mortgage on the Property to cover US Home's original deposit of $2,100,000.00.

15. On November 15, 2008, Seacoast informed Paradise Palms that due to Paradise Palms' inability to meet its contractual obligations, Seacoast was keeping all of the proceeds from lot sales on the Property and agreed only to pay the bills to keep the club house open and to pay the taxes.

16. Throughout this time, Seacoast forced Paradise Palms, US Enterprises, US Enterprises of CF, and the individual members of US Enterprises of CF to sign forbearance agreements (the "Guarantors"), or Seacoast would not pay any of Paradise Palms' bills, causing the clubhouse and the Project itself to shut down. On November 14, 2008, a forbearance agreement was executed by Seacoast, Debtor and the Guarantors. This forbearance agreement was amended on January 15, 2009, February 5, 2009, February 27, 2009, and March 9, 2009.

17. On June 25, 2009, Paradise Palms completed negotiating with Mannin Homes, LLC ("Mannin") to purchase eight lots on June 30, 2009.

18. On July 13, 2009, Lennar sent Paradise Palms a letter informing it that Lennar was willing to takedown eight lots, but were concerned that the Project was not being maintained. The next day, Paradise Palms responded to the concerns, explaining that all lots were ready to be taken down, and that their concerns were of no merit. In response, Lennar requested an extension of seven days to take down lots. On July 15, 2009, Paradise Palms sent Lennar an email and a letter exercising its option to cancel all of the contracts, but also stated that it would reinstate the contracts if Lennar took down the eight lots within seven days. Paradise Palms received no response.

19. On or about July 29, 2009, US Home/Lennar, through its affiliate Lennar Homes, formed Len Paradise, LLC ("Len Paradise").

20. On or about September 22, 2009, Paradise Palms received notice that Len Paradise had purchased Paradise Palms' construction loan from Seacoast at, upon information and belief, an approximately 78% discount. Once it had purchased the Seacoast construction loan, Len Paradise immediately called the loans in default and rapidly proceeded to foreclose the loan for the full amount due, or almost $15,000,000.00.

21. Although Mannin had a contract with Paradise Palms to take down eight lots on September 30, 2009, on September 22, 2009, Paradise Palms received notice that Seacoast had assigned Paradise Palms' note to Len Paradise. The next day, Paradise Palms notified Mannin of this material change in the contract. Consequently, Mannin canceled the takedown of the lots because it was concerned that Len Paradise was going to interfere with their purchase of lots.

22. On October 12, 2009, Len Paradise filed a complaint in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, initiating the case styled *Len Paradise, LLC vs. Paradise Palms, LLC, Andrew LaRosa, Ronald Abate, Joseph Rogers, U.S. Enterprises of Central Florida Corp., U.S. Enterprises of CF, LLC and Paradise Palms Resort Club, LLC* (Case No. 09 CA 10778 CI). In that complaint, were counts for Breach of Notes and Breach of Guaranties. Paradise Palms joined the other defendants in the case in asserting counterclaims against Len Paradise for constructive fraud, equitable estoppel, and tortious interference with an advantageous business relationship.

23. In consideration of the loan foreclosure and the litigation described above, the Debtors decided that reorganizing under Chapter 11 was in the best interest of all parties.

### Employees and Wages Owed as of Petition Date

24. As of the Petition Date, the Debtors had no employees; however, the management of the Property is carried out through its affiliates, Paradise Palms Vacation Properties and Management, LLC and Paradise Palms Resort Club, LLC, which employs eight employees to manage and maintain the finances and operations of the Project and its facilities and amenities.

### Liabilities of Debtors

25. As of the Petition Date, Len Paradise claims that it is owed approximately $15,000,000.00 for the amount of the loan it purchased from Seacoast. The loan has been accelerated and is in foreclosure. Len Paradise also has a second mortgage on the Property for approximately $1,898,000.00.

26. As of the Petition Date, the Debtor also has approximately $4,390,000.00 in priority and non-priority unsecured debt owed to other creditors.

### Assets of Debtors

27. The Debtor is uncertain as to the market value of its assets; however, the tax assessed value is the following:

   a. Tract B – Clubhouse and recreation facilities - $1,762,600.00

   b. Tract F – Phase II - $1,261,900.00

   c. Tract G – Phase III - $1,987,920.00

   d. Tract H – Phase IV - $894,000.00

   e. 80 Lots – (Balance of Phase I) - $1,000,000.00

   f. TOTAL APPROXIMATE TAX ASSESSED VALUE - $6,906,520.00

28. To date, Phase I and Phase II of the Project's site work are complete and the developed lots therein are ready for takedown. Len Paradise has closed on 72 lots in Phase I and

has currently completed construction of all of the 72 Units. All of these Units are sold or under contract, of which 66 Units are closed and under management. The remaining 6 Units are awaiting closings. In addition, Paradise Palms has sold eight additional lots to Mannin. Mannin is approximately three to four months from beginning construction. Therefore, the total number of lots sold is 80, all of which are located in Phase I. There are 264 lots currently available for immediate sale, comprised of the 80 remaining lots in Phase I and all of the lots in Phase II. The lots in Phases III and IV total 320 and are graded to pad level. Although the infrastructure is not yet in place for these two phases, the lots are available for sale to any builder who is willing to install the infrastructure and proceed to build.

29. All of the amenities in the Project are complete and operational. They include a state of the art clubhouse, housing a 47-seat movie theater, gym, sauna, game room, card room, tiki bar, concierge desk, internet center, general store and restaurant. There is also a 5,000 square foot pool, complete with rock grotto, waterfalls, two spas, a waterslide, children's wading pool, water toys and aver 17,000 square feet of deck space. There is a children's play ground set, a beach volley ball pit, tether ball pit, basketball, tennis courts, shuffleboard court, bocce ball court and a picnic area with picnic tables and grills. Finally, included in the Unit dues are high speed internet service, cable television and phone service that features direct dialing to the front desk, bar, restaurant and concierge desk.

30. Paradise Palms members have injected at least $2,000,000.00 into the company from the time of its formation to the present.

### Anticipated Emergency Relief to be Requested within 14 Days of Petition Date

31. The Debtors anticipate filing a Motion for a Debtor in Possession Loan, as it has received a firm commitment for a Debtor in Possession Loan for $803,914.00 from EFO Financial Group, LLC.

**RESPECTFULLY SUBMITTED** this  7th  day of December 2009.

/s/R. Scott Shuker
R. Scott Shuker
Florida Bar No. 984469
Victoria I. Minks
Florida Bar No. 0064388
rshuker@lseblaw.com
vminks@lseblaw.com
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Ave., Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                              CASE NO. 6:09-bk-17926-KSJ

PARADISE PALMS, LLC,                                CHAPTER 11

                        Debtor.
_____/

### Certificate of Service

    I HEREBY CERTIFY that a true copy of the **SUMMARY OF CASE** has been furnished either electronically, by facsimile and/or by U.S. First Class, postage prepaid mail to: Paradise Palms, LLC c/o Andrew LaRosa, 8950 Paradise Palms Blvd., Kissimmee, FL 34747; the Local Rule 1007-2 as shown on the matrix attached to the original of this summary filed with the Court; and the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 7th day of December 2009.

                                          /s/ R. Scott Shuker, Esq.
                                          R. Scott Shuker, Esquire

```
Label Matrix for local noticing         Admiral Security                       American Comm Networks Inc
113A-6                                  4401 East West Hwy                     4400 PGA Blvd
Case 6:09-bk-17926-KSJ                  Suite 500                              Suite 902
Middle District of Florida              Bethesda, Md 20814-4500                Palm Beach Gardens, FL 33410-6563
Orlando
Mon Dec  7 14:26:41 EST 2009

Baker Hostetler                         Bank of America                        City Insurance Agency, Inc
P.O. Box 70189                          P.O. Box 15710                         2929 N University Dr
Cleveland, OH 44190-0189                Wilmington, DE 19886-5710              Suite 107
                                                                               Coral Springs, FL 33065-5047


Craftbuilt Homes                        Dept of Comm Dev                       Engage Technologies
5165 Lake Lizzie Drive                  1 Courthouse Square                    8419 Sunstate Street
Kissimmee, FL 34771-8523                Suite 1400                             Tampa, FL 33634-1306
                                        Kissimmee,Fl 34741-5440


IKON Financial Services                 IQware, Inc.                           Jill E Kelso
P.O Box 740540                          600 Hillsboro Blvd W #201              United States Trustee
Atlanta , GA 30374-0540                 Deerfield Beach , FL 33441-1610        135 West Central Boulevard Suite 620
                                                                               Orlando, FL 32801-2440


Len Paradise, LLC                       Patsy Heffner                          Progress Energy
c/o Jonathan C. Vair, Esq.              Tax Collector                          P.O. Box 33199
Museum Tower, Suite 2200                P.O. Box 422105                        St. Petersburg, FL 33733-8199
150 West Flagler Street                 Kissimmee, FL 34742-2105
Miami, FL 33130-1536


R Scott Shuker                          Tohopekaliga Water Authority           US Home Corporation
Latham Shuker Eden & Beaudine LLP       101 N Church Street                    600 North Westshore Blvd.
Post Office Box 3353                    Kissimmee, FL 34741-5054               Suite 900
Orlando, FL 32802-3353                                                         Tampa, FL 33609-1114


United States Trustee - ORL             Jonathan C Vair                        Westside Community
135 W. Central Blvd., Suite 620         150 West Flagler Street                Development District
Orlando, FL 32801-2440                  Suite 2200                             201 E. Pine Street
                                        Miami, FL 33130-1536                   Suite 201
                                                                               Orlando, FL 32801-2729


End of Label Matrix
Mailable recipients     20
Bypassed recipients      0
Total                   20
```